IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-01477-CMA-BNB

DHR INTERNATIONAL, INC.

      Plaintiff.

DEBRA POLLICK and
BATTALIA WINSTON INTERNATIONAL, INC.,

      Defendants.

___

**PROTECTIVE ORDER**

___

WHEREAS, the parties to the above litigation may produce in discovery confidential information within the meaning of Federal Rule of Civil Procedure 26(c) ("Confidential Material"); and

WHEREAS, it has been agreed by and among the parties, through their respective counsel, that a protective order preserving the confidentiality of documents and information produced in this litigation should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of the protective order submitted by the parties (the "Protective Order");

IT IS HEREBY ORDERED ~~THAT~~:

1.    Any of the parties to this action or any witness from whom discovery is sought in this action may designate as Confidential Material any documents or information that the producing party believes contains confidential information as defined by Federal Rule of Civil Procedure 26(c). Confidential Material shall remain confidential and shall not be used except in

the prosecution, defense or settlement of this action, including appeals related to this action. Confidential Material shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, to anyone for any other purpose.

2. Confidential status may be claimed for documents and information contained therein either by stamping or writing "confidential" on them prior to their production or by providing counsel for the inspecting party with a written description of the documents for which confidential treatment is desired. The parties may designate documents as confidential prior to the entry of this Protective Order and, upon entry of the order, such documents shall be considered Confidential Material and be governed by the provisions of this Protective Order.

3. Nothing in this Protective Order shall be construed as an agreement, concession or admission by any party that documents designated as Confidential Material pursuant to this Protective Order are otherwise confidential or proprietary. ~~The designation of any documents or information as Confidential Material may be challenged by any party by motion to the Court.~~

**4. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file**

**such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material.**

     5.     Confidential Material may be disclosed to the Court and to other persons whose assistance is required by counsel for the parties in conducting this litigation, but only to the parties, those persons regularly employed by counsel for the inspecting party, persons assisting such counsel in this litigation, or any regular employee of such counsel to whom it is necessary that the documents or information be shown for purposes of this litigation. The parties may designate certain Confidential Material as "Attorney Eyes Only," which status can be challenged as set forth above. Such a designation restricts access to this Confidential Material as set forth above, except that it cannot be shared with the parties without the written consent of the disclosing party's counsel.

     6.     Counsel for the parties may also disclose or discuss Confidential Material, or any contents thereof, to or with witnesses and prospective witnesses and persons employed by the inspecting party or counsel to assist in the preparation of this case for trial, such as experts, on the condition that (i) all persons to whom the disclosure of confidential information is made under this paragraph are made fully aware of the terms of this Protective Order and understand that use of any information contained in Confidential Material is strictly limited to litigation of this case; and (ii) prior to disclosure by the inspecting party or counsel of the Confidential

Material pursuant to this paragraph, a copy of this Protective Order shall be presented to the person to whom such document(s) or information are to be disclosed, who shall sign it or otherwise signify in writing that he or she has been advised that a violation of this Protective Order may subject him or her to sanctions for contempt of Court, and that he or she consents to be bound by the terms of this Protective Order.

7. If the answer to any interrogatory, request for production of documents, or request for admission requires the disclosure of Confidential Material, that answer shall be stamped "confidential." Such answer shall be handled in the same manner as any other Confidential Material of that designation.

8. Portions of any depositions where any confidential information is used or referred to shall be taken only in the presence of those authorized under this Order to have access to such confidential information. The transcript or portions of such depositions containing confidential information shall be stamped confidential and handled in the same manner as other Confidential Material of that designation.

9. At the conclusion of the proceedings of this action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts, or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at the time by counsel for the parties.

10. ~~In the event that a party intends to use Confidential Material in a brief or document filed with the Court, the party shall notify the other party and identify the Confidential Material at least 5 business days in advance of filing the Confidential Material with the Court, so~~

~~that the other party has an opportunity to petition the Court to seal the Confidential Material according to the Federal Rules of Civil Procedure. Regardless of whether or not the filing party complies with the notice provisions of this paragraph, the other party shall have the opportunity to request that the Court seal Confidential Material filed with the Court through an appropriate motion.~~ **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**

~~11. No paper shall be filed under seal without Court Order specifically authorizing the same under D.C. COLO. LCivR 7.2. The Clerk of the Court shall maintain under seal all such sealed documents and make them available only to the Court and to counsel for the parties to this proceeding until further order of this Court.~~

~~12. At the trial of this action or at any hearing relating to this action before any judicial officer, a party may, subject to the rules of evidence and the order of the Court, use any Confidential Material for any purpose, provided that counsel for the party producing such material is given an opportunity to be heard prior to the disclosure of the Confidential Material.~~

13. Nothing contained herein shall be construed to prejudice any party's right to use any document or information for purposes of further discovery. Counsel may make and use a photocopy of a document or information designated as Confidential Material if such copy (a) is retained in counsel's possession and is made for counsel's internal use only; (b) is to be used for purposes of disclosure pursuant to paragraph 6 hereof; (c) is to be identified in a deposition or used as a deposition exhibit; or (d) is to be used at any hearing or trial in this case. In any such situation, the parties shall take reasonable steps to maintain the confidential nature of the document or information.

14. This Protective Order shall be binding upon the parties to this action and any witness who has access to confidential documents or information. The parties shall request that any witness with access to confidential information or documents evidence his or her agreement to be bound by the terms of this Protective Order by signing a copy of the Protective Order and returning it to counsel of record in this matter. This Protective Order may also be used to protect Confidential Materials asserted as such by any non-party witness who produces such materials pursuant to a subpoena or otherwise in discovery in this matter. In the event that such witness asserts that documents or information sought of him or her in discovery are confidential, the party seeking such discovery shall provide a copy of this Protective Order to the witness. Such witness shall evidence his or her agreement to be bound by the terms of this Protective Order in order to produce documents or information in discovery as Confidential Material, by signing a copy of this Protective Order and returning it to counsel for the party seeking such discovery, who shall file it with the Clerk and serve it upon opposing counsel. The parties may also mark any documents received from any witness as confidential, subject to the terms and procedures outlined in this Agreement.

15. This Protective Order may be construed or modified by the Court, on application of either party or any witness or on the Court's own initiative, to ensure the adjudication of all issues in this action in light of all relevant and material facts without publishing or otherwise destroying the value of Confidential Materials.

16. Any confidential information should be placed, to the extent possible, in exhibits which can be removed from papers being filed and retained by the submitting party.

17.     Nothing herein shall prohibit the disclosure of any documents or information to public officials for law enforcement purposes.

18.     Inadvertent production of privileged or arguably privileged materials under this order shall not be deemed to be either a general waiver of the attorney-client privilege, the work product doctrine, or any other privileges, or a specific waiver of any such privilege.

~~SO ORDERED,~~

Dated October 21, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

SO STIPULATED:

s/Brian G. Dershaw  
Brian G. Dershaw  
Taft Stettinius & Hollister LLP  
425 Walnut Street, Suite 1800  
Cincinnati, OH  45202-3957  

Richard A. Westfall  
Aaron Solomon  
Hale Westfall, LLP  
1445 Market Street, Suite 300  
Denver, CO  80202  
Attorneys for Plaintiff DHR International, Inc.

 s/David J. Schaller  
David J. Schaller  
Stephanie A. Reedy  
Wheeler Trigg O'Donnell LLP  
370 Seventeenth Street, Suite 4500  
Denver, Colorado 80202  
Attorneys for Defendant Debra Pollick  

s/William R. Dabney  
William R. Dabney  
John M. Husband  
Holland & Hart, LLP  
P.O. Box 8749  
555 17th Street #3200  
Denver, CO 80201-8749  
Attorneys for Defendant  
Battalia Winston International, Inc.